UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DUSHAWN KING,

                        Plaintiff,

                     v.

18-B LAWYER WYATT N. GIBBONS and
QUEENS SUPREME COURT JUSTICE BARRY
KRON,

                       Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-3117 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Dushawn King, proceeding *pro se* and currently incarcerated at the George R. Vierno Center at Rikers Island, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff asserts claims for violation of his rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the Complaint is dismissed.

**I. Background**

      Plaintiff's allegations relate to his pending criminal proceeding in Queens County Supreme Court, stemming from a December 31, 2014 arrest. *See* Case No. 01249-2015; https://iapps.courts.state.ny.us/webcrim (last visited August 19, 2016). Plaintiff alleges that the judge in his case, Justice Barry Kron, and his assigned 18-B attorney, Wyatt N. Gibbons, have

---

[1] This action was transferred to this Court from the United States District Court for the Southern District of New York by Order dated June 9, 2016. (Docket Entry No. 3.)

"both failed to allow me to exercise my freedom of speech, and expression upon points of law that guides said court and defendants to the [innocent] nature of the crime that should have essentially set me free." (Compl. 4, Docket Entry No. 2.) Plaintiff has also filed complaints against Gibbons with the First Judicial Department Departmental Disciplinary Committee and Second Judicial Department Grievance Committee alleging that Gibbons has not provided him with effective representation. (*Id*. at 8, 9–25.) Plaintiff seeks money damages. (*Id*. at 6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Claims against Gibbons

Plaintiff alleges that Gibbons has failed to adequately represent him during his criminal proceedings, but because section 1983 imposes liability for constitutional violations caused by state actors, Plaintiff's lawyer, as a private person, is beyond the scope of liability. *See Filarsky v. Delia*, 566 U.S. ---, ---, 132 S.Ct. 1657, 1661 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); *Grogan v. Blooming Cove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) ("Because the United States Constitution regulates only the Government, not private parties, a litigant . . . who alleges that her constitutional rights have been violated must first establish that the challenged conduct constitutes state action." (internal quotation marks omitted) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005))).

It is well established that court-appointed attorneys do not act under color of state law when they perform traditional functions of counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 2011 WL 6091571, at *1 (2d Cir. 2011) ("[A] court appointed criminal defense attorney does not act under color of state law when representing a client" (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997))); *Garcia v. City of New York*, No. 13-CV-4655, 2013 WL 153756, at *3 (E.D.N.Y. Jan. 14, 2013) (finding that a Legal Aid Society attorney was not acting under color of state law when he represented the plaintiff in criminal court); *Pecou v.*

*Hirschfeld*, No. 07-CV-5449, 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment." (citing *Polk Cty.*, 454 U.S. at 325)). Because Plaintiff has failed to plead any facts that would support a finding that Gibbons was acting under color of state law at the time of the alleged civil rights violations, Plaintiff's claims against Gibbons are dismissed. 28 U.S.C. § 1915(e)(2)(B).

    c. **Claims against Justice Kron**

Plaintiff's allegations against Justice Kron are foreclosed by absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting that a judicial officer in the performance of his or her duties has absolute immunity from suit); *Shtrauch v. Dowd*, --- F. App'x ---, ---, 2016 WL 3212180, at *1 (2d Cir. June 10, 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (internal quotation marks omitted) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))). In overseeing the criminal proceeding against Plaintiff, Justice Kron was performing his duties as the assigned criminal court judge. Justice Kron therefore has absolute immunity, and Plaintiff's claims against him are foreclosed.

### III. Conclusion

For the foregoing reasons, the Complaint is dismissed. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint if Plaintiff believes there is a basis to pursue his claims. Any amended complaint must be captioned "Amended Complaint" and must bear the same docket number as that of this Memorandum and Order. Any amended complaint will replace the Complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 22, 2016
       Brooklyn, New York